UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JILL JANETTE GRIFFITHS,

Plaintiff,

v.

JACK MORTON WORLDWIDE, INC.,

Defendant.

CIVIL NO. 01-909 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on January 18, 2002 upon Defendant's Motion to Dismiss [Docket No. 26]. James H. Kaster, Esq. and Diane Marie Odeen, Esq. appeared on behalf of Plaintiffs; Joseph T. Dixon, Esq. appeared in person on behalf of Defendant; Amy J. Beech, Esq. appeared by telephone on behalf of Defendant. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

## FINDINGS OF FACT/REPORT

Defendant filed a Motion to Dismiss the original Complaint in this action on June 19, 2001. [Docket No. 4]. After the hearing on the Motion to Dismiss, Plaintiff filed a Motion to Amend the Complaint. [Docket No. 17]. The Court granted the Motion to Amend, and the Motion to Dismiss was withdrawn, to permit the Complaint to be placed in final form prior to consideration of the Motion to Dismiss. After the Amended Complaint was served and filed [Docket No. 21], Defendant renewed its Motion to Dismiss [Docket No. 26].

FILED JAN 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## Standard on Motion to Dismiss

The Court of Appeals for the Eighth Circuit has set forth the standard to be applied on a Rule 12(b)(6) motion:

> When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief.
>
> Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.

Young v. City of St. Charles, Missouri, 244 F.3d 623, 627 (8th Cir. 2001)(internal citations omitted).

## Discussion

### I. COUNTS I AND II - SEX DISCRIMINATION UNDER TITLE VII AND THE MINNESOTA HUMAN RIGHTS ACT

In order to establish a claim for sex discrimination, Plaintiff will have to show that she "(1) is a member of a protected class; (2) was qualified to perform her job; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated persons of the opposite sex." LaCroix v. Sears, Roebuck and Co., 240 F.3d 688, 693 (8th Cir. 2001)(Title VII standard); see also Sigurdson v. Isanti County, 386 N.W.2d 715, 719-20 (Minn. 1986)(applying same standard for claim under Minnesota Human Rights Act). Plaintiff argues that these elements are not relevant to the instant Motion

because they refer to establishing a prima facie case (an evidentiary standard), which is a stricter requirement than stating a claim upon which relief can be granted (a pleading claim). Plaintiff relies for this proposition upon a housing discrimination case, Ring v. First Interstate Mortgage, Inc., 984 F.2d 924 (8th Cir. 1993). We need not resolve that question, because we conclude that the Amended Complaint alleges sufficient facts to state the required elements of a prima facie claim of sex discrimination.

Plaintiff alleges that she was fired from a job for which she was qualified "because of her plans to adopt a child and her gender." (AC ¶ 31). Specifically, Plaintiff alleges that her supervisor told her that he had been "burned" when other women failed to return from maternity leave (AC ¶ 16) and that another employee of Defendant told her that he was sure she wouldn't come back once she adopted a child (AC ¶ 23). If this were the extent of Plaintiff's allegations, they might not be enough to survive a Motion to Dismiss. See Piantanida v. Wyman Ctr., Inc., 116 F.3d 340, 342 (8th Cir. 1997)(discrimination against employee for taking on adoptive parental role "is based on a gender-neutral status potentially possessible by all employees, including men and women who will never be pregnant.")(citation omitted).

However, the Amended Complaint contains allegations of discrimination based on sex that were not present in the original Complaint. Plaintiff alleges that similar comments were not made about male employees (AC ¶ 23), and that male employees of Defendant were not discouraged from taking parental leave (AC ¶ 18). Viewed in the light most favorable to Plaintiff, these factual allegations are sufficient to state a claim for sex

discrimination.[1]

## II. COUNT III - VIOLATION OF THE MINNESOTA PARENTING LEAVE ACT

Count III of the Amended Complaint alleges that Defendant violated the Minnesota Parenting Leave Act ("MPLA"), Minn. Stat. § 181.941. Defendants argue that Plaintiff has failed to state a claim under the MPLA, because (1) she has not alleged that she made a request for leave under the Act and (2) she was not employed for twelve consecutive months by Defendant prior to requesting leave under the Act.

With respect to Plaintiff's request for leave, in the Amended Complaint she alleges that she told her supervisor that she planned to adopt a child and "that she would need to take leave from Jack Morton in order to complete the adoption." (AC ¶ 14). She also alleges that she stressed to her supervisor the importance of agreeing upon a duration for her upcoming parental leave. (AC ¶ 14). Our task here is not to resolve the factual question of whether Plaintiff in fact requested parental leave, but to determine whether her Amended Complaint meets the requirement of alleging that she did. We believe these allegations satisfy that test.

The MPLA defines an eligible employee as:

> a person who performs services for hire for an employer from whom a leave is requested under [the statute] for: (1) at least 12 consecutive months immediately preceding the request . . .

Minn. Stat. § 181.940, subd. 2. Plaintiff alleges that she began working for Defendant on

---

1

Defendant has submitted evidence to contradict these allegations. Because we are deciding a Motion to Dismiss, rather than a Motion for Summary Judgment, we have not considered the strength of Plaintiff's claim, but merely whether she has made sufficient allegations in the Amended Complaint to state a claim upon which relief could be granted.

August 30, 1993, and that she made her request for leave in 1999 or early 2000. (AC ¶¶ 6, 13, 14). Defendant makes the unsupported argument that the Court should require twelve months of consecutive employment immediately prior to the proposed starting date of the leave, rather than immediately prior to the "request," as the statute states. We are not persuaded that the statute should be read in such a tortured fashion. Plaintiff has adequately stated a claim under the MPLA.

## III. COUNT IV - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

Plaintiff alleges two alternative bases for her claim under the Family Medical Leave Act ("FMLA"). First, she alleges that Defendant is an employer as defined in the FMLA, and therefore bound by its provisions. Alternatively, she alleges that Defendant is contractually bound to adhere to the requirements of the FMLA.

### A. <u>Statutory Claim</u>

Title 29 U.S.C. § 2611(2)(B) sets forth classes of employees excluded from FMLA coverage. Excluded employees includes

> any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C. § 2611(2)(B)(ii). Defendant asserts that Plaintiff's claim must be dismissed for lack of subject matter jurisdiction, because Plaintiff is an excluded employee as defined in § 2611(2)(B)(ii).

The only allegation in the Amended Complaint to suggest that Plaintiff and Defendant are covered by the FMLA is the statement that "Plaintiff and Defendant are employee and employer respectively for the purpose of the definitions set forth in 29

U.S.C. § 2611(2) and (4)." (AC ¶ 49). Defendant has submitted evidence, in the form of Affidavits, which establish that Defendant does not, and did not at the time it employed Plaintiff, employ 50 or more workers in Minneapolis or anywhere within a 75-mile radius of Minneapolis. See Deuser v. Vecera, 139 F.3d 1190, 1191 n. 3 (8th Cir. 1998)(the Court may look outside the pleadings on a motion to dismiss for lack of subject matter jurisdiction without converting the motion into one for summary judgment). Plaintiff does not dispute the point. Indeed, in the Amended Complaint, Plaintiff deleted a statement from Paragraph 1 of the original Complaint stating that jurisdiction exists under the FMLA.

The undisputed evidence confirms that Plaintiff is excluded from the FMLA pursuant to § 2611(2)(B)(ii). To the extent Plaintiff alleges a direct claim under the FMLA, or damages available under that Act, it should be dismissed.

**B. Contract Claim**

Plaintiff asserts in the Amended Complaint that "Defendant is contractually bound to the terms of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. in its conduct toward Plaintiff." (AC ¶ 49). The Amended Complaint does not identify what contract Defendant is bound by, what the terms of that contract are, or how Defendant allegedly breached those terms.

Plaintiff has not sufficiently made allegations of a breach of contract. There was no reference to a contract in the original Complaint. The only reference to a contract in the Amended Complaint is the conclusory statement in paragraph 49, cited above. There is also no allegation as to how the conduct of Defendant may be considered a breach of any contract between Plaintiff and Defendant. These allegations are not sufficient to survive a Motion to Dismiss. See Young, 244 F.3d at 627.

In her Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff suggests that a memorandum from Defendant's benefits office to Plaintiff dated August 8, 2000 created a contract requiring Defendant to abide by the FMLA. Even if Plaintiff had included this allegation in the Amended Complaint it would not have been enough to save her FMLA claim. The policy statement set forth in Plaintiff's Opposition Memorandum reads as follows:

> All Jack Morton Employees who have at least one year of service with the Company and have worked at least 1,250 hours during the 12 months immediately preceding the commencement of the leave are eligible for up to 12 workweeks of unpaid leave in a 12-month period for any and all reasons that qualify for taking leave under this policy. The 12-month period will be measured forward from the date any employee's leave first begins.

Plaintiff admits that she took twelve weeks of leave under this policy beginning in July 2000. (AC ¶ 25). She apparently sought another twelve-week leave in November 2000. There are no allegations in the Amended Complaint to support Plaintiff's position that she was entitled to a second leave, even though she had already received the leave provided for in Defendant's policy statement.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss [Docket No. 26] be granted as to Count IV of the Amended Complaint (Violation of Family Medical Leave Act), and denied in all other respects.

Dated: January 24, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **February 8, 2002** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **February 8, 2002**.